GLENN MYLES HOUGE v. STATE.

188 N. W. (2d) 879.

July 2, 1971—No. 42240.

C. Paul Jones, State Public Defender, and Roberta K. Levy and Rosalie Wahl, Assistant State Public Defenders, for appellant.

Warren Spannaus, Attorney General, James M. Kelley, Assistant Attorney General, and Darrel C. Hill and Robert Carolan, Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

PER CURIAM.

This is an appeal in a postconviction proceeding arising out of petitioner's conviction for aggravated forgery. A direct appeal from the conviction was affirmed in State v. Houge, 280 Minn. 372, 159 N. W. (2d) 265. The facts are fully set forth in that opinion.

1. The state gave a so-called Rasmussen notice stating that a wristwatch, purchased with a forged check, a membership card in the Disabled American Veterans, used by the forger as identification, and a wallet and ring found on petitioner's person when he was arrested would be introduced into evidence.

Defense counsel did not move to suppress this evidence. Petitioner asserts that the failure to do so denied him his constitutional right to adequate representation. Whether it was an oversight, was prompted by tactical motives, or stemmed from counsel's conviction that the evidence was admissible are matters on which we need not speculate. Suffice it to say, petitioner has not made a showing that the evidence was manifestly inadmissible or that his attorney's handling of the matter denied him a fair trial.

2. At the trial, three witnesses identified petitioner as being the person who obtained blank checks with which a ring, penknife, and watches were purchased. One witness testified that petitioner had bought the watches upon a showing of false identification. Petitioner

attacks their identification of him on the ground that there was no line-up procedure by which he was selected. We are aware of no authority for holding that a lineup identification is a prerequisite to a valid conviction, and none is cited. Counsel unsuccessfully attempted to impeach the state's witnesses by cross-examining them on the issue of identification. No tactics are suggested which might have been more effective. The fact defense counsel did not otherwise challenge the failure to conduct a lineup does not require a finding that defendant was denied adequate representation.

Affirmed.